FILED
JAMES J. VILT, JR. - CLERK
NOV 18 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:24-CR-60-CRS-01

UNITED STATES OF AMERICA — PLAINTIFF

v.

ARGIE DALE, III — DEFENDANT

## JURY INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proven beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in Count 5 of the Indictment.

Your only task is to decide whether the defendant is guilty or not guilty of Count 5 under these instructions.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all the instructions as a whole; you may not single out or disregard any of the Court's instructions on the law.

The Indictment or formal charge against a defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if the defendant has not testified during the trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proven beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted into the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You need not accept the opinion of any expert witness. In deciding how much weight to give it, you should consider the witness' qualifications and how he reached his conclusions, along with the factors immediately above for weighing the credibility of witnesses.

The fact that a witness has been convicted of a felony crime is another factor you may consider in deciding whether you believe the testimony of that witness.

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

**COUNT 5**
**DISTRIBUTION OF METHAMPHETAMINE**

The defendant, Argie Dale, III, is charged with the crime of distributing methamphetamine on or about June 8, 2023. Methamphetamine is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proven each and every one of the following elements beyond a reasonable doubt:

(A) The defendant knowingly and intentionally distributed methamphetamine and

(B) That the defendant knew at the time of distribution that the substance was a controlled substance.

The term "distribute" means the defendant delivered or transferred a controlled substance.

To prove that the defendant "knowingly" distributed the methamphetamine, the defendant did not have to know that the substance was methamphetamine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much methamphetamine he distributed. It is enough that the defendant knew that he distributed some quantity of a controlled substance.

**SPECIAL INSTRUCTION AS TO COUNT 5**

If you have found the defendant guilty as to Count 5, you must also decide beyond a reasonable doubt what quantity of methamphetamine the defendant distributed on or about the dates set forth in the indictment. If you find the defendant guilty as to Count 5, you will complete the verdict form asking you to answer this question.

You will note that the indictment charges that the crime was committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged crime. It is sufficient if the United States proves beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids.

The question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Verdict Forms have been prepared for your convenience.

You will take the Verdict Forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the Verdict Forms, date and sign them, and then return to the courtroom.

# VERDICT FORM A

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br>UNITED STATES OF AMERICA<br>V.<br>ARGIE DALE, III | Docket No.<br>CRIMINAL ACTION NO. 3:24-CR-0060-CRS-01 |

**WE, THE JURY, IN THE ABOVE-ENTITLED CASE, FIND:**

The defendant, Argie Dale, III, ________________ as to Count 5 of the Indictment.
(guilty/not guilty)

If you have found the defendant, ARGIE DALE, III, guilty as to Count 5, continue to Verdict Form B.

| Foreperson's Signature:<br>Juror Number: | Date: |
|---|---|

## VERDICT FORM B

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| **Case Title**<br>UNITED STATES OF AMERICA<br>V.<br>ARGIE DALE, III | **Docket No.**<br>CRIMINAL ACTION NO. 3:24-CR-0060-CRS-01 |

With respect to Count 5 of the Indictment, has the government proven beyond a reasonable doubt that the distribution charged in Count 5 involved 50 grams or more of methamphetamine?

_______________ Yes

_______________ No

| | |
|---|---|
| **Foreperson's Signature:**<br>**Juror Number:** | **Date:** |

Case 3:24-cr-00060-CRS-RSE Document 1 Filed 05/22/24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
JAMES J. VILT, JR. - CLERK
MAY 22 2024
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

INDICTMENT

v.

NO. 3:24-CR-60-DJH
18 U.S.C. § 2
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)
21 U.S.C. § 846
21 U.S.C. § 853

ARGIE DALE III
SHAWON HICKMAN

The Grand Jury charges:

COUNT 5
(*Distribution of Methamphetamine*)

On or about June 8, 2023, in the Western District of Kentucky, Jefferson County, Kentucky, **ARGIE DALE III** defendant herein, knowingly and intentionally distributed fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A).

A TRUE BILL.

[redacted]

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:[illegible]